22UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**THERESA JOHNSON, individually and
on behalf of all others similarly situated**

    **Plaintiff,**

**v.**                                                                                                                                         Case No: 5:23-cv-403-GAP-PRL

**WHALECO, INC.,**

    **Defendant.**

___

### ORDER

This matter is before the Court on Defendant Whaleco, Inc.'s motion to stay discovery pending resolution of its motion to compel arbitration and to dismiss this action. (Doc. 22). Plaintiff Theresa Johnson filed a response in opposition. (Doc. 24).

On June 27, 2023, Plaintiff filed her putative class action Complaint alleging that Whaleco violated the TCPA by continuing to send her text messages after she withdrew her previous consent to receive text messages by texting "S T O P" (instead of the word "stop."). (Doc. 1 at ¶¶ 1, 12–13).

On August 18, 2023, on behalf of herself and the putative class, Plaintiff served requests for production, interrogatories and requests for admissions on Whaleco. On August 21, 2023, Whaleco filed its Motion to Compel Arbitration arguing that by registering for an account with Whaleco and ordering items, Plaintiff established a business relationship with Whaleco. And that when Johnson registered for an account with Whaleco, she agreed to its Terms of Use that contained an arbitration clause and waiver of class action. (Doc. 20). Thus,

Whaleco moved to compel Plaintiff to pursue her claims in arbitration and dismiss the action. Defendant's motion to compel is pending.

Whaleco has also moved to stay discovery and for an order protecting it from responding to Plaintiff's class action discovery requests until after the Court resolves Whaleco's motion to compel arbitration. (Doc. 22). Plaintiff has responded. (Doc. 24).

Pursuant to Rule 26(c), a court may stay discovery if there is good cause, such as "the elimination of unnecessary expenditures of time, money, and other resources." *Morat v. Cingular Wireless LLC,* No. 3:07-cv-1057-J-20JRK, 2008 WL 11336388, at *2 (M.D. Fla. Feb. 14, 2008). And for good cause, the Court may protect a party from undue burden and expense. Fed. R. Civ. P. 26(c)(1). "[C]ourts have routinely stayed discovery into the underlying merits of the case when a motion to compel arbitration has been filed in good faith. *Morat*, 2008 WL at *2 (collecting cases). *See also, Harrell's LLC v. Agrium Advanced (U.S.) Techs., Inc.,* 2011 WL 1596007, at *1 (M.D. Fla. Apr. 27, 2011) (staying discovery pending resolution of motion to compel arbitration).

Here, the Court finds that Defendant's motion to compel arbitration was filed in good faith, and as a result, discovery into the underlying merits of the TCPA claim shall be temporarily stayed pending the resolution of the motion to compel arbitration. Engaging in discovery before the court issues a ruling on the pending motion to compel arbitration would force Whaleco to engage in district court proceedings that Whaleco contends it contracted to avoid through arbitration. And because Plaintiff has filed a class action lawsuit, discovery into the merits could be unnecessarily expensive and time consuming depending on the resolution of the motion to compel arbitration. Moreover, Plaintiff has not shown that she will be harmed by the temporary stay.

- 3 -

Accordingly, Whaleco's motion to stay discovery and for a protective order (Doc. 22) is **GRANTED**. Discovery into the underlying merits of the case is hereby stayed until the motion to compel arbitration and dismiss the action is resolved. Whaleco is not required to respond to Plaintiff's outstanding discovery requests at this time.

**DONE** and **ORDERED** in Ocala, Florida on September 27, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties